STATE OF NORTH CAROLINA v. DAVID JAMES MASH

No. 241A90

(Filed 10 January 1991)

1. **Jury § 6.3 (NCI3d)— murder—voir dire—defendant not unduly restricted**

The trial court did not unduly restrict defendant's jury voir dire in a retrial for first degree murder where the court did not allow defendant to ask certain jurors who had already indicated their ability to be fair and impartial about their degree of certainty as to their impartiality and sustained objections to questions regarding jurors' difficulty considering expert mental health testimony and the jurors' personal experiences with alcohol. The court allowed questions sufficient to uncover any bias that a prospective juror might have had and to insure the defendant a fair and impartial jury; furthermore, defendant did not exhaust his peremptory challenges and therefore cannot show prejudice.

**Am Jur 2d, Jury §§ 202, 207, 218.**

2. **Criminal Law § 77 (NCI4th)— murder—change of venue— denied—no error**

The trial court did not err by denying defendant's motion for a change of venue in a retrial for murder where the court permitted sufficient individual voir dire on the subject of pretrial publicity, all jurors who ultimately sat on the jury stated that they could be fair and impartial, and none of the jurors had significant recall of the events of the case. Defendant's argument that allegedly undue restrictions on his jury voir dire somehow relieved him of his burden of showing that he exhausted his peremptory challenges is without merit.

**Am Jur 2d, Criminal Law §§ 389, 841; Jury § 219.**

STATE v. MASH

[328 N.C. 61 (1991)]

**3. Criminal Law § 417 (NCI4th) — murder — opening statement restricted — no error**

There was no prejudicial error in a retrial for murder where the trial court sustained objections to much of defendant's opening statement and would not allow defense counsel to tell the jury to give its undivided attention to all of the witnesses. The trial court informed counsel prior to opening statements that he would not allow either to comment on the evidence to be presented by the other or on the law other than the burden of proof and the presumption of innocence, and most of the objections sustained by the court were to questions of the type clearly and properly prohibited in advance by the trial judge. While the court erred in preventing defendant from telling the jury to give attention to all witnesses, defendant has failed to demonstrate prejudice requiring a reversal of his conviction.

**Am Jur 2d, Trial §§ 190, 191, 204.**

**4. Homicide § 18 (NCI3d) — murder — premeditation and deliberation — expert opinion — not admissible**

The trial court did not err in the retrial of a murder prosecution by sustaining objections to defendant's questions to a mental health expert specifically asking whether defendant had the ability to premeditate the killing on the night in question. The trial court allowed the witnesses to testify about defendant's ability to form a plan or scheme.

**Am Jur 2d, Homicide § 406.**

**5. Homicide § 18.1 (NCI3d) — murder — premeditation and deliberation — evidence sufficient**

There was sufficient evidence to support a conviction for first degree murder where, although the evidence was undisputed that defendant had been drinking, contradictions existed about his level of intoxication, he was a longtime abuser who may have built up a tolerance to alcohol, and defendant was able to negotiate many steep "S" curves throughout the evening. On a motion to dismiss, any contradictions must be resolved in favor of the State; the State's evidence was sufficient for a rational juror to find the existence of premeditation and deliberation.

**Am Jur 2d, Homicide § 439.**

STATE v. MASH

[328 N.C. 61 (1991)]

APPEAL as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by *Rousseau, J.*, at the 31 July 1989 session of Superior Court, WILKES County. Heard in the Supreme Court on 15 November 1990.

*Lacy H. Thornburg, Attorney General, by Joan Herre Byers, Special Deputy Attorney General, for the State.*

*Norman B. Smith and Bryan E. Lessley for the defendant-appellant.*

MARTIN, Justice.

In 1986 defendant was indicted, tried, and convicted of first degree murder in the beating death of Randall Cupp. From a sentence of death, defendant appealed. This Court found error in the guilt phase and awarded the defendant a new trial. *State v. Mash*, 323 N.C. 339, 372 S.E.2d 532 (1988) (*Mash I*). Upon retrial, defendant was found guilty of first degree murder and received a sentence of life imprisonment. We hold that the trial was free of prejudicial error. Because the facts of this case are set out in our opinion in *Mash I*, we will discuss below only the facts pertinent to the issues in this appeal.

[1] Defendant's first assignment of error alleges that the trial court unduly restricted his jury voir dire. The trial court is given broad discretion to control the extent and manner of questioning prospective jurors, and its decisions will not be overturned absent an abuse of discretion. *E.g., State v. Lloyd*, 321 N.C. 301, 364 S.E.2d 316 (1988), *sentence vacated*, 488 U.S. 807, 102 L. Ed. 2d 18 (1988) (mem.). Because of the number of potential jurors who had heard about this case, the trial court held individual voir dire in chambers to select a jury pool. During this process, the defendant attempted to ask certain potential jurors, who had already indicated their ability to be fair and impartial, about their degree of certainty as to this impartiality. Defendant also complains that the court prevented him from inquiring into the potential jurors' attitudes about alcohol and the expert testimony of psychiatrists and psychologists. These arguments are without merit. Each potential juror was asked if he or she could be fair and impartial. Those who ultimately sat on the jury responded affirmatively. The court sustained objections to the questions regarding the jurors' "difficulty" in considering the expert mental health testimony and the jurors' personal experiences with alcohol. Although the State and

defense counsel may inquire into a juror's beliefs and attitudes, "neither has the right to delve without restraint into all matters concerning potential jurors' private lives." *Id.* at 307, 364 S.E.2d at 321. The court allowed inquiry into views that would render the juror unable to be fair, consider the evidence, and follow the law. These questions were sufficient to uncover any bias that a prospective juror might have had and to ensure the defendant a fair and impartial jury. We further note that defendant did not exhaust his peremptory challenges and therefore cannot show prejudice. *State v. Baldwin*, 276 N.C. 690, 174 S.E.2d 526 (1970). This assignment of error is overruled.

[2] Defendant next contends that the trial court erred in denying his motion for a change of venue. Thirty-eight of the ninety-six potential jurors were excused because they had formed opinions based on pretrial knowledge of the case. Half of the remaining jurors knew something about the case, and eighteen knew the outcome of the previous trial. The trial judge should grant defendant's motion for a change of venue "when he establishes that it is reasonably likely that prospective jurors would base their decision in the case upon pretrial information rather than the evidence presented at trial and would be unable to remove from their minds any preconceived impressions they might have formed." *State v. Jerrett*, 309 N.C. 239, 255, 307 S.E.2d 339, 347 (1983). To meet his burden of proof, defendant must show that the jurors had prior knowledge of the case, that he exhausted his peremptory challenges, and that an objectionable juror sat on the jury. *Id.* Defendant's argument that the undue restrictions placed upon his jury voir dire somehow relieve him of his burden of showing that he exhausted his peremptory challenges is without merit. The court, permitted sufficient individual voir dire on the subject of pretrial publicity. All the jurors who ultimately sat on the jury stated that they could be fair and impartial; none of them had significant recall of the events of the case. Defendant having failed to meet his burden, we overrule this assignment of error.

[3] Prior to opening statements, the trial judge informed counsel that he would not allow either to comment on the evidence to be presented by the other side or on the law, except as to burden of proof and presumption of innocence. Defendant alleges that the court erroneously sustained the prosecutor's objections to much of his opening statement and thereby abused its discretion. N.C.G.S. § 15A-1221(a)(4) provides that in a criminal jury trial "[e]ach party

must be given the opportunity to make a brief opening statement," but does not define the scope of the statement to be allowed. *E.g., State v. Paige,* 316 N.C. 630, 343 S.E.2d 848 (1986). Most of the arguments objected to by the prosecutor, and sustained by the trial court, were of the type clearly and properly prohibited in advance by the trial judge. For example, defense counsel attempted to argue what the State's witnesses would say and how the defense would contradict certain testimony. An opening statement is for the purpose of making a general forecast of the evidence, not for arguing the case, instructing on the law, or contradicting the other party's witnesses. 23A C.J.S. *Criminal Law* § 1239 (1989); *see Paige,* 316 N.C. 630, 343 S.E.2d 848. Here, the judge also sustained objections to the statement "I ask you to give attention to all of the witnesses," because it was not a forecast of the evidence. In *State v. Freeman,* 93 N.C. App. 380, 378 S.E.2d 545, *disc. rev. denied,* 325 N.C. 229, 381 S.E.2d 787 (1989), our Court of Appeals held that the trial court abused its discretion by interrupting defense counsel and classifying as argument the statement asking the jury to consider carefully each piece of the evidence. However, the Court determined that the error was not prejudicial. While the trial judge in this case erred in preventing defense counsel from telling the jury to give attention to all of the witnesses, defendant has failed to demonstrate prejudice requiring a reversal of his conviction. *Id.* at 390-91, 381 S.E.2d at 552. We cannot say that "had the error in question not been committed, a different result would have been reached at the trial." N.C.G.S. § 15A-1443(a) (1988).

[4] The defendant next argues that the trial court erred in preventing his presentation of expert testimony regarding his ability to premeditate and deliberate. In *State v. Rose,* 323 N.C. 455, 373 S.E.2d 426 (1988) *(Rose I),* this Court held that such testimony was inadmissible, because it involved a conclusion that a legal standard had or had not been met. That decision was reiterated in *Rose II,* 327 N.C. 599, 398 S.E.2d 314 (1990) (error for State's expert to testify that defendant was able to premeditate and deliberate at the time of the killing). In the instant case, defense counsel attempted to ask mental health experts specifically whether the defendant had the ability to premeditate and deliberate the killing on the night in question. The trial court sustained objections to these questions, but allowed the witnesses to testify about the defendant's ability to form a plan or scheme, in accordance with *State v. Shank,* 322 N.C. 243, 367 S.E.2d 639 (1988). In *State v.*

*Weeks*, 322 N.C. 152, 367 S.E.2d 895 (1988), this Court reasoned that mental health experts were not in a better position than the jury to determine whether a legal standard had been met. Because premeditation and deliberation are legal terms of art, "[a] medical expert's opinion as to whether these legal standards have or have not been met is inadmissible. That determination is for the finder of fact." *Rose I*, 323 N.C. at 460, 373 S.E.2d at 430. Defendant's assignment of error is overruled.

[5] Defendant's final assignment of error is whether there was sufficient evidence to support a conviction for first degree murder. Defendant made motions to dismiss at the close of the State's case and at the close of all the evidence. When a defendant presents evidence, he waives his right to appeal the denial of his motion to dismiss at the close of the State's evidence. Therefore, only the motion to dismiss at the close of all the evidence is before the Court. *State v. Bullard*, 312 N.C. 129, 322 S.E.2d 370 (1984). A motion to dismiss is properly denied if there is substantial evidence of each element of the offense charged and of the defendant being the perpetrator of the offense. *Id.* "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citations omitted). In ruling on a motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences from that evidence. *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). Defendant contends that the evidence was insufficient with respect to the essential elements of premeditation and deliberation, due to his severe intoxication. Premeditation and deliberation may be proved by circumstantial evidence, including absence of provocation, conduct of defendant before and after the crime, and the brutality of the crime. *E.g., State v. Artis*, 325 N.C. 278, 384 S.E.2d 470 (1989), *sentence vacated*, --- U.S. ---, 108 L. Ed. 2d 604 (1990) (mem.). Some witnesses for the State testified that defendant was wild and out of control when the killing occurred. However, others testified that, shortly after the killing, the defendant was not staggering or slurring his speech. The evidence, in the light most favorable to the State, also shows that defendant addressed the victim prior to the attack saying, "you guarded my brother, let's see if you can guard me"; that the victim stated that he did not want any trouble; that defendant landed the first blow and continued to beat the victim after he had fallen and was helpless;

that defendant lied to the arresting officers about his involvement and told his companions to lie; and that defendant confessed to a cellmate that the victim was a prison guard who had been harassing his brother and that if he had it to do over again, he would do the same thing. Although the evidence is undisputed that defendant had been drinking that evening, contradictions existed about his level of intoxication. Defendant's expert admitted that as a longtime abuser of alcohol, defendant may have built up a tolerance to alcohol. On a motion to dismiss, any contradictions must be resolved in favor of the State. *Bullard*, 312 N.C. 129, 322 S.E.2d 370. The evidence further shows that although defendant was driving recklessly, he was able to negotiate many steep "S" curves throughout the evening. We hold that the State's evidence was sufficient for a rational juror to find the existence of premeditation and deliberation. The jury could reasonably infer that defendant had the capacity to plan and carry out a plan to murder Randall Cupp, based upon the circumstances of the killing and his later inculpatory statements.

Accordingly, this assignment of error is overruled. In the defendant's trial, we find

No error.