STATE OF NORTH CAROLINA v. KENNETH DONNELL GRAVES

No. 167A95

(Filed 10 May 1996)

1. **Evidence and Witnesses § 2403 (NCI4th)— list of witnesses read to prospective jurors—name perhaps omitted—no prejudice to defendant**

   The trial court did not abuse its discretion in a first-degree murder prosecution where defendant contended that a witness should not have been allowed to testify because her name was not on the list of witnesses read to prospective jurors by the State prior to *voir dire*. There are no findings of fact, there is no transcript of the *voir dire* proceedings, and the record merely documents conflicting statements by the defense counsel and the prosecutor as to whether the name was left off the list. Without a showing that the witness was in fact left off the list, the defendant cannot demonstrate that he was prejudiced. Furthermore, the prosecution was not ordered to provide defendant with a list of its witnesses and, even assuming that the prosecutor did volunteer a list of witnesses to defendant by reading the list to prospective jurors and that the witness's name was omitted, defendant has shown nothing more than an inadvertent omission.

   **Am Jur 2d, Criminal Law §§ 774, 1010, 1011; Pretrial Conference and Procedure §§ 35, 59, 80; Witnesses §§ 60, 62.**

   **Right of accused in state courts to inspection or disclosure of evidence in possession of prosecution. 7 ALR3d 8.**

   **Withholding or suppression of evidence by prosecution in criminal case as vitiating conviction. 34 ALR3d 16.**

**2. Homicide § 250 (NCI4th)— first-degree murder—sufficiency of evidence**

The trial court did not err in a first-degree murder prosecution by denying defendant's motions to dismiss where, although defendant argues that the State's evidence was inconsistent and contradictory, defendant's use of a firearm satisfies the malice requirement and the evidence was clearly sufficient to establish that the defendant acted with premeditation and deliberation when it is viewed in the light most favorable to the State. Any contradictions or discrepancies in the evidence were for the jury to resolve.

**Am Jur 2d, Malice § 7; Trial §§ 820, 1237.**

**Modern status of the rules requiring malice "aforethought," "deliberation," or "premeditation," as elements of murder in the first degree. 18 ALR4th 961.**

Appeal as of right by defendant pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Webb, J., at the 5 December 1994 Criminal Session of Superior Court, Guilford County, upon a jury verdict finding defendant guilty of first-degree murder. Heard in the Supreme Court 12 December 1995.

*Michael F. Easley, Attorney General, by Norma S. Harrell, Special Deputy Attorney General, for the State.*

*Walter T. Johnson, Jr., for defendant-appellant.*

LAKE, Justice.

The defendant was indicted on 18 April 1994 for the first-degree murder of Joseph Lamont Clinard. The defendant was tried noncapitally, and the jury found defendant guilty of first-degree murder on the theory of premeditation and deliberation. The defendant was sentenced to the mandatory term of life imprisonment.

At trial, the State presented evidence tending to show that on 12 November 1993, Joseph Clinard died as a result of a gunshot wound inflicted on 8 November 1993. Several witnesses testified that they saw a man in a green jacket talking to the victim moments before the shooting. Some of these witnesses, including Crystal Boyd, identified the man in the green jacket as the defendant. Crystal Boyd testified that she saw the defendant talking to the victim. Boyd testified that she witnessed the defendant grab the victim by the neck and step

behind the victim. The defendant kept his left arm around the victim's neck. Boyd stated that even though the victim's arms were hanging straight down, the defendant raised a gun with his right hand, placed it against the victim's head and fired. The defendant fled the scene after the shooting. According to the reports and testimony of the responding police officers, live .22-caliber rounds were found in the victim's pocket, but no weapon was found at the scene or on the victim.

Dr. Deborah Radisch, a forensic pathologist, performed an autopsy on the victim's body. Dr. Radisch testified that the cause of death was a gunshot wound to the victim's head. Dr. Radisch confirmed that the gunman fired the gun from close range.

The defendant presented evidence which tended to show that while he was talking to the victim, the victim chastised him for allegedly selling drugs in the area. The defendant testified that he told the victim, "F— you. I'll sell what I want to sell." The defendant then testified that as he walked away, the victim pulled out a gun and pointed it at him. The defendant stated that thinking the victim was going to kill him, he pulled out his gun and shot the victim. On cross-examination, the defendant admitted that he shot the victim on the left side of the head, but added that he was terrified and that his only thought was to protect his life.

[1] In his first assignment of error, the defendant contends that the trial court erred by allowing Crystal Boyd to testify. Specifically, the defendant argues that Boyd should not have been allowed to testify because her name was not on the list of witnesses read to the prospective jurors by the State prior to the jury *voir dire*.

The only argument made by defense counsel in support of his objection to witness Boyd's testimony was that "I took notes of the persons that they listed, and in the notes that I had . . . I do not have Ms. Boyd. And because of that, that was the reason I objected." The prosecutor responded, "I had my own witness list here that had her name on from the very beginning, and I know I used that list in doing the *voir dire*, where I read off the witnesses' names at the very beginning, and I am relatively sure that that name was given out at the very beginning of this case." The trial court then overruled the defendant's objection. We find no error with the trial court's ruling. The record on appeal does not support the defendant's contention that Boyd's name had been omitted from the list of witnesses read by the prosecutor

prior to the jury *voir dire*. There are no findings of fact, and there is no transcription of the *voir dire* proceedings to substantiate the defendant's assertion that Boyd's name was left off the prosecutor's oral list of witnesses. The record merely documents conflicting statements by defense counsel and the prosecutor. Without a showing that the witness was in fact left off the prosecutor's list, the defendant cannot demonstrate that he has been prejudiced in any manner by the trial court's ruling.

Furthermore, a defendant is ordinarily not entitled to a list of the prosecution's witnesses prior to trial. *State v. Hoffman*, 281 N.C. 727, 734, 190 S.E.2d 842, 847 (1972). In cases where the prosecutor provides a witness list to the defendant, whether it be voluntary or by court order, a decision by the trial court to allow testimony by a witness not on the list is reviewable only for an abuse of discretion. *State v. Carter*, 289 N.C. 35, 42, 220 S.E.2d 313, 317-18 (1975), *death sentence vacated*, 428 U.S. 904, 49 L. Ed. 2d 1211 (1976).

In the case *sub judice*, the record reveals that the prosecution was not ordered by the trial court to provide defendant with a list of its witnesses. We also note that this is not a situation where the prosecutor voluntarily provided the defendant with a list of the State's witnesses. The record only shows that the prosecutor read a list of witnesses to the prospective jurors. Even assuming, *arguendo*, that by doing so, the prosecutor did volunteer a list of witnesses to the defendant and that Boyd's name was left off that list, the defendant has failed to show anything more than an inadvertent omission by the prosecutor. The defendant has failed to show that the prosecutor acted in bad faith or that he has been prejudiced by the trial court's ruling. The failure of the trial court to exclude witness Boyd's testimony, without more, does not rise to the level of an abuse of discretion. Accordingly, this assignment of error is overruled.

[2] In his next assignment of error, the defendant contends that the trial court erred by denying his motions to dismiss at the close of the State's evidence and at the close of all the evidence. Specifically, the defendant argues that the State's evidence was inconsistent and contradictory and, therefore, insufficient to sustain the charge against him. The defendant's argument misconstrues the appropriate standard for ruling on a motion to dismiss.

By presenting evidence, the defendant has waived his objection to the trial court's failure to dismiss at the close of the State's evi-

dence. *State v. Mash,* 328 N.C. 61, 66, 399 S.E.2d 307, 311 (1991). Therefore, only defendant's motion to dismiss at the close of all the evidence is before this Court.

When a defendant moves for dismissal, the trial court must determine whether the State has presented substantial evidence of each essential element of the offense charged and substantial evidence that the defendant is the perpetrator. *State v. Quick,* 323 N.C. 675, 682, 375 S.E.2d 156, 160 (1989). If substantial evidence of each element is presented, the motion for dismissal is properly denied. *Id.* "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Olson,* 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992). In ruling on the motion to dismiss, the trial court must consider the evidence in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *Id.* "[C]ontradictions or discrepancies in the evidence *are for the jury to resolve and do not warrant dismissal." Id.* (emphasis added).

Murder in the first degree, the crime of which the defendant was convicted, is the intentional and unlawful killing of a human being with malice and with premeditation and deliberation. *State v. Fisher,* 318 N.C. 512, 517, 350 S.E.2d 334, 337 (1986). Malice may be presumed from the use of a deadly weapon. *State v. Porter,* 326 N.C. 489, 505, 391 S.E.2d 144, 155 (1990). The defendant's use of a firearm, in the instant case, satisfies the malice requirement. Therefore, the only remaining element necessary for the State to prove is the existence of premeditation and deliberation. "A killing is 'premeditated' if the defendant contemplated killing for some period of time, however short, before he acted." *State v. Williams,* 334 N.C. 440, 447, 434 S.E.2d 588, 592 (1993), *judgment vacated on other grounds,* —— U.S. ——, 128 L. Ed. 2d 42 (1994). A killing is "deliberate" if the defendant formed an intent to kill and carried out that intent in a cool state of blood, "free from any 'violent passion suddenly aroused by some lawful or just cause or legal provocation.' " *Id.* (quoting *State v. Fields,* 315 N.C. 191, 200, 337 S.E.2d 518, 524 (1985)). Premeditation and deliberation are mental processes and ordinarily are not susceptible to proof by direct evidence. Instead, they usually must be proved by circumstantial evidence. *State v. Brown,* 315 N.C. 40, 59, 337 S.E.2d 808, 822-23 (1985), *cert. denied,* 476 U.S. 1164, 90 L. Ed. 2d 733 (1986), *overruled on other grounds by State v. Vandiver,* 321 N.C. 570, 364 S.E.2d 373 (1988).

Viewed in the light most favorable to the State, the evidence was clearly sufficient to establish that the defendant acted with premeditation and deliberation. Several witnesses testified that the victim was seen talking to a man identified as the defendant. The evidence showed that shortly after the defendant and the victim began talking, the defendant, without provocation, grabbed the victim around the neck from behind and shot him in the head. When the defendant grabbed the victim around the neck, the victim's hands were hanging straight down, indicating that the victim was not the aggressor. The defendant testified that the victim chastised him for selling drugs in the area, to which defendant responded, "F—— you. I'll sell what I want to sell." This testimony provided evidence from which the jury could infer motive or even ill will on defendant's part. After the shooting, the defendant fled the scene and according to his own testimony, disposed of the weapon, abandoned the car he was driving and checked into a hotel under an assumed name. These actions all support an inference of guilt. Finally, the defendant admitted shooting the victim, thereby eliminating any question regarding whether the defendant was in fact the perpetrator. Any contradictions or discrepancies in the evidence were for the jury to resolve. Based on all the evidence, we hold there was sufficient evidence of premeditation and deliberation and conclude that the trial court did not err in denying defendant's motion to dismiss the first-degree murder charge. This assignment of error is, therefore, overruled.

For the foregoing reasons, we conclude that the defendant received a fair trial, free of prejudicial error.

NO ERROR.